UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NATIVIDAD FLORES JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, Facility Administrator of Golden State Annex Detention Facility, et al.,<br><br>Respondents. | Case No. 1:25-cv-01104-HBK (HC)<br><br>ORDER REQUIRING RESPONSE TO PETITIONER'S NOTICE OF REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 3)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(Doc. No. 1) |

Before the Court is Petitioner Jose Natividad Flores Jimenez's counseled operative petition for writ of habeas corpus under 28 U.S.C. § 2241 docketed on August 29, 2025. (Doc. No. 1, "Petition"). On September 2, 2025, Petitioner filed a notice of request to seal documents pursuant to Local Rule 141. (Doc. No. 3).

Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex in McFarland, California, challenging his prolonged detention without a bond hearing. (*See* Doc. No. 1). Specifically, Petitioner claims he has been

detained in immigration custody for over 33 months total, and 26 months without a bond hearing, in violation of the due process clause of the Fifth Amendment. (*Id.* at 2). As relief, the Petition requests, *inter alia*, that the Court issue a writ of habeas corpus and order Respondents to immediately release Plaintiff, or, in the alternative, "hear and determine the facts, as described in § 2243, at a prompt bail hearing before this Court, evaluate [Plaintiff's] ability to pay in setting bond, and consider alternative conditions of release." (*Id.* at 44).

The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

1. No later than **seven (7) days** from the date of entry of this Order, **Respondent** is **DIRECTED** to file a response to Petitioner's notice of request to seal documents pursuant to Local Rule 141 (Doc. No. 3).[2]

2. No later than **thirty-five (35) days** from the date of entry of this Order, **Respondent** is **DIRECTED** to respond to the Petition and show cause why the petition should not be granted. A response may be one of the following:

    (A) An answer addressing the merits of the petition. This response, which may not exceed fifty (50) pages in length without the court's leave, must set forth the facts and procedural history of the case and address each ground, allegation, and argument raised in the petition. **Conclusory statements and summary arguments that**

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[2] Respondent shall address the relevance of the information listed in the "redactions/seal description" section of Petitioner's request to seal documents, particularly its relevance in the proceedings before this Court, and whether redaction of the information pursuant to Local Rule 140 would sufficiently protect the identified information.

1 **petitioner is not entitled to relief are not acceptable responses.**

    (B) A motion to dismiss the petition. This limited response must include only portions of the record necessary for the court to decide the bar to a merits review.

3. Respondent is **DIRECTED** to electronically file all documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).

4. If Respondent files an answer to the petition, Petitioner may file a reply no later than **thirty (30) days** of the date of service of Respondent's answer. The reply must not exceed twenty (20) pages without the court's leave. If no reply is filed within thirty (30) days, the petition and answer are deemed submitted. The Court will not address new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5. If Respondent moves to dismiss, Petitioner shall file an opposition or statement of non-opposition within **twenty-one (21) days** of the date of service of Respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

6. The Clerk of Court is directed to send an electronic copy of this Order and a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, and to mail a copy of this order to Petitioner.

7. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

Dated:   September 11, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3