UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE NATIVIDAD FLORES JIMENEZ,

Petitioner,

v.

TONYA ANDREWS, Facility Administrator of the Golden State Annex Facility; POLLY KAISER, San Francisco Field Office; TODD LYONS, Acting Director of Unites States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA J. BONDI, Attorney General of the United States; CHRISTOPHER CHESTNUT,

Respondents.

No.   1:25-cv-01104-KES-HBK

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION

(Doc. 22)

This habeas action concerns the detention of petitioner Jose Natividad Flores Jimenez, a noncitizen who has remained in immigration detention since November 2022. This matter is before the Court on petitioner's motion for temporary restraining order seeking his immediate release from custody or, in the alternative, a bond hearing. Doc. 22. For the reasons explained below, petitioner's motion for temporary restraining order, which the Court converts to a motion for preliminary injunction, is granted as set forth below.

//

1

## I.      Background

Petitioner is a 30-year-old noncitizen from Mexico who arrived in the United States as a lawful permanent resident at the age of four.  Doc. 14 ¶ 21; Doc. 14-2 ¶ 3.  Petitioner has been convicted of offenses including inflicting corporal punishment on his partner, violating a protective order, attempted robbery, and second-degree auto burglary.  Doc. 14 ¶¶ 24–29.  While petitioner was in state custody for his last conviction, petitioner was diagnosed with various mental illnesses and an intellectual disability, underwent several mental health episodes, and was placed on medication.  *Id.* ¶¶ 29–30.  After completing his state sentence for auto burglary, petitioner was transferred into immigration custody in November 2022 and has been detained at Golden State Annex.  *Id.* ¶ 32.

The Department of Homeland Security issued a Notice to Appear, charging petitioner as removal under Section 237(a)(2)(iii) and 237(a)(2)(E)(1) of the Immigration and Nationality Act ("INA").  *Id.* ¶ 51.  Petitioner filed a pro se application for asylum, withholding of removal, and protection under the convention against torture ("CAT") on February 7, 2023.  *Id.*  On November 29, 2022, an immigration judge found petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c).  On February 28, 2023, an immigration judge found petitioner incompetent to represent himself and appointed a qualified representative pursuant to *Franco-Gonzalez v. Holder,* No. CV-10-02211, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014).  *Id.* ¶ 52.  With the assistance of the qualified representative, petitioner filed an updated application for asylum, withholding of removal, and CAT relief.  *Id.*

On June 13, 2023, petitioner had a bond hearing pursuant to *Franco-Gonzalez*, 2014 WL 54750197, at which the government had the burden of showing, by clear and convincing evidence, that petitioner's continued detention was justified.  *Id.* ¶ 53; Doc. 14-7.  During the bond hearing, the immigration judge found that petitioner posed a danger to the community and that petitioner's criminal history appeared to be closely tied to his substance use disorder.  Doc. 14-7.  The immigration judge did not address whether petitioner was a flight risk.  Doc. 14 ¶ 53; Doc. 14-7.

An immigration judge denied petitioner all forms of relief on November 13, 2023.

Doc. 14 ¶¶ 54–55.  Petitioner appealed the decision and, on April 25, 2024, the BIA remanded the case with instructions for the immigration judge to conduct a new analysis of petitioner's claims. *Id.* ¶ 55.  On September 9, 2024, an immigration judge again denied all of petitioner's claims.  *Id.* ¶ 56.  Petitioner timely appealed that decision to the BIA, which upheld the immigration judge's decision.  *Id.*  On March 3, 2025, petitioner appealed to the Ninth Circuit.  *Id.* ¶ 57.  On June 16, 2025, the Ninth Circuit granted petitioner's motion to stay removal while his appeal is pending. *Id.*  Petitioner's appeal is pending with the Ninth Circuit.  *Id.* ¶ 57; Doc. 28 at 2.

On August 29, 2025, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Flores Jimenez was detained in the Golden State Annex detention facility from November 17, 2022 to September 6, 2025, and was thereafter transferred to the California City detention facility.  Doc. 14 ¶ 2.  Petitioner filed an amended petition on September 16, 2025. Doc. 14.  Respondents moved to dismiss on October 18, 2025.  Doc. 19.  Petitioner subsequently filed a motion for temporary restraining order, arguing that the Due Process Clause requires that he be released from detention, or in the alternative, be provided with an individualized bond hearing.  Doc. 22.  Respondents filed an untimely opposition, Doc. 7, and petitioner filed a reply on February 9, 2026, Doc. 29.[1]

**II.    Conversion to a Motion for Preliminary Injunction**

The Court directed the parties to state their position on whether the motion for temporary restraining order should be converted to a motion for preliminary injunction and whether they requested a hearing on the motion.  Doc. 24.  Respondents objected to the conversion of the motion for temporary restraining order to a motion for preliminary injunction and indicated that any request for a preliminary injunction should be denied for the reasons stated in their opposition to the motion for temporary restraining order and their earlier filed motion to dismiss.  Doc. 28 at 3.  Given that the standard for issuing a temporary restraining order and preliminary injunction is the same, *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), that respondents had notice and opportunity to respond in opposition, *see* Doc. 28, and that

---

[1] The Court will exercise its discretion and consider respondents' untimely opposition on the merits.

respondents do not identify any needed further briefing, *see* Doc. 28 at 3, petitioner's motion is converted to a motion for preliminary injunction.  Petitioner, but not respondents, requested a hearing.  *See* Docs 28, 29.  The Court finds that this matter is suitable for resolution without oral argument.

### III.    Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)).  "Likelihood of success on the merits is a threshold inquiry and is the most important factor."  *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)).  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied."  *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### IV.    Discussion

#### a.  Likelihood of Success on the Merits

Petitioner argues that his continued detention violates his substantive and procedural due process rights because his mental health has been steadily deteriorating since his transfer to the California City detention facility and that he has been detained for nearly three years without a further bond hearing (since his bond hearing on June 13, 2023).  Doc. 22 at 3, 11.  Respondents argue that petitioner's detention has a definite and impending end due to his pending appeal.  *See* Doc. 28 at 2.

The Due Process Class of the Fifth Amendment provides that "no person shall . . . be

deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. For the reasons set forth below, petitioner has shown a likelihood of success on the merits of his procedural due process claim. Because the resolution of plaintiff's procedural due process claim may render his substantive due process claim moot, the Court will hold plaintiff's substantive due process claim in abeyance.

Procedural Due Process

The parties do not dispute that petitioner is detained pursuant to 8 U.S.C. § 1226(c). 8 U.S.C. § 1226(c) "provides for the detention of 'criminal aliens' and states that '[t]he Attorney General shall take into custody any alien who' is deportable or inadmissible based on a qualifying, enumerated offense." *Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) (quoting 8 U.S.C. § 1226(c)). "Because of its use of the word 'shall,' detention under Subsection C is mandatory." *Id.* Although detention is mandatory under 8 U.S.C. § 1226(c), the Ninth Circuit has noted that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)." *Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022), *judgment vacated on other grounds*, 144 S. Ct. 1339 (2024). Such orders "flow not from statutory text, but from due process." *Id.*

While the Ninth Circuit has not decided this issue, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). The Court agrees with other district courts in this circuit that have found that "prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will–at some point– violate the right to due process.'" *See Martinez*, 36 F.4th at 1223 (quoting *Martinez v. Clark*, No. 18-CV-01669-RAJ, 2019 WL 5962685, at *1 (W.D. Wash. Nov. 13, 2019) (simplified)); *Eliazar G.C. v. Wofford*, No. 1:24-cv-01032-EPG-HC, 2025 WL 711190, at *8 (E.D. Cal. Mar. 5, 2025); *Y. M. v. Wofford*, No. 1:25-cv-01063-SKO (HC), 2025 WL 3228125, at *5 (E.D. Cal. Nov. 19, 2025) (collecting cases).

District courts have developed various analytical frameworks when determining whether

procedural due process has been violated.  *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) (discussing various approaches taken by district courts).  "In deciding whether to apply the *Mathews* [*v. Eldridge*, 424 U.S. 319 (1976)] test or [a] multi-factor analysis, some district courts have found the determining factor to be whether the petitioner is requesting an initial bond hearing or an additional bond hearing."  *Id.* at 878; *see also Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-cv-00998-EPG-HC, 2025 WL 1158841, at *7 (E.D. Cal. Apr. 21, 2025) (applying the *Mathews* factors in determining that petitioner detained under 8 U.S.C. § 1231(a) was entitled to a second bond hearing).  Here, petitioner received a bond hearing pursuant to *Franco-Gonzalez*, 2014 WL 54750197 on June 13, 2023, but has not had a further custody redetermination in the nearly three years since that hearing.  Doc. 14 ¶ 53.  Because petitioner is seeking an additional bond hearing as part of his procedural due process claim, the Court will apply the *Mathews* test.

Under *Mathews*, the "identification of the specific dictates of due process generally requires consideration of three distinct factors":

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976)) (assuming, without deciding, that the *Mathews* factors applied to a due process challenge to 8 U.S.C. § 1226(a)); *see Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

Turning to the first *Mathews* factor, petitioner has a significant private interest.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  "[A]n individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'"  *Rodriguez Diaz*, 53 F.4th at 1207 (quoting *Singh v. Holder*, 638

F.3d 1196, 1208 (9th Cir. 2011)).  Here, petitioner's detention is prolonged as he has been detained for approximately 41 months, and more than 34 months have elapsed since he received a bond hearing.  *See id.* at 1207 (detention assumed to be "prolonged" where petitioner was detained for fourteen months following his first bond hearing).

In evaluating the first *Mathews* factor, the Court also considers the reasons for the lengthy period of detention, including whether the period of detention is attributable to the petitioner's own actions.  *See Rodriguez Diaz*, 53 F.4th at 1207–08; *E.O.P. v. Andrews*, No. 1:25-cv-00721-KES-SKO (HC), 2025 WL 2624197, at *6 (E.D. Cal. Sept. 11, 2025) (simplified).  Here, petitioner appealed the immigration judge's November 13, 2023 order of removal, and the BIA remanded with instructions for the immigration judge to conduct a new analysis of petitioner's claims.  Petitioner then appealed the September 9, 2024 order of removal to the BIA and subsequently appealed to the Ninth Circuit.  While the length of petitioner's detention may in some sense be attributable to petitioner's actions in contesting his removal, his challenges appear to be in good faith – and his initial challenge was successful and resulted in a remand by the BIA for further proceedings.

Although "it is important not to overstate the strength of [petitioner's] showing under the first *Mathews* factor" given that petitioner received a prior bond hearing pursuant to *Franco-Gonzalez*, 2014 WL 54750197, and his removal proceedings are pending on appeal, the first factor weighs in petitioner's favor as petitioner has remained in custody for over 34 months since his June 2023 bond hearing and petitioner is without any additional procedures available to challenge his continued detention.  *See Rodriguez Diaz*, 53 F.4th at 1207 (first *Mathews* factor weighed in favor of immigration detainee where petitioner was detained for fourteen months following his first bond hearing and petitioner had process available to him under 8 U.S.C. § 1226(a)); *see also Eliazar*, 2025 WL 711190, at *6 (E.D. Cal. Mar. 5, 2025) (first *Mathews* factor weighed in favor of petitioner even though petitioner had received one bond hearing before an immigration judge and petitioner acknowledged that his private interests were further diminished because he was subject to an order of removal).

Second, the Court considers the risk of an erroneous deprivation of petitioner's liberty

7

interest and the probable value of additional procedural safeguards.  Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community.  *See Zadvydas*, 533 U.S. at 690.  On June 13, 2023, petitioner received a bond hearing before an immigration judge pursuant to *Franco-Gonzalez*, 2014 WL 54750197.  The immigration judge found that petitioner's criminal history appeared to be closely tied to his substance use disorders.  Doc. 14-7.  Nonetheless, the immigration judge found that respondents had met their burden of showing, by clear and convincing evidence, that petitioner posed a danger to the community due to his criminal record (that included assaultive offenses and driving under the influence offenses) and the span of his criminal history, including the recency of his last criminal offense.  *Id.*

"In evaluating the risk of erroneous deprivation in the context of noncitizen detention, the Ninth Circuit has looked to whether the detainee has a statutory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention."  *Eliazar*, 2025 WL 711190, at *6 (E.D. Cal. Mar. 5, 2025) (quotation marks and citation omitted).  Petitioner does not have the statutory right to a bond hearing, or additional bond hearings, under § 1226(c).  "As additional procedures are not mandated under § 1226(c), the risk of erroneous deprivation as Petitioner's time in detention lengthens is not insignificant."  *Id.* at *7.  Petitioner submits he has been sober for four years, has been prescribed medication to treat his underlying mental health issues, and has a comprehensive release plan.  Doc. 29 at 8.  In considering the merits of petitioner's immigration claims, the immigration judge found on September 9, 2024 that:

> [T]hough Respondent has previously used mind and mood-altering substances as coping mechanisms in the past, he has been sober for an extended period of time, has been receiving treatment for depression, understands the negative consequences that come from using alcohol and illegal drugs to self-medicate, and is willing and eager to receive support and help from, inter alia his family and other services.

Doc. 14-10.  The dates of petitioner's offenses have also grown in remoteness during petitioner's

8

lengthy immigration detention.[2]  The Court is cognizant that it should not overstate the strength of petitioner's showing here as petitioner has previously received a bond hearing before an immigration judge at which the government had the burden of showing by clear and convincing evidence that his detention was justified.  Nonetheless, given petitioner's lengthy detention period since that hearing there is value in an additional bond hearing and thus, the second factor weighs in petitioner's favor.

Third, although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without an additional bond hearing is low. *Eliazar*, 2025 WL 711190, at *8.  In immigration court, custody hearings are routine and impose a "minimal" cost.  *Hilario*, 2025 WL 1158841, at *9.  Accordingly, the third *Mathews* factor weighs in petitioner's favor.

On balance, the *Mathews* factors weigh in favor of petitioner receiving another bond hearing.  Petitioner has therefore established that he is likely to succeed on the merits of his procedural due process claim.

Substantive Due Process

Petitioner asserts that his continued detention in California City detention facility violates his substantive due process rights because the conditions of his detention are "far worse" than those he experienced in criminal custody and are punitive.  Doc. 22 at 11.  Respondents argue that a civil action, rather than this habeas proceeding, is an appropriate vehicle for remedying petitioner's claims regarding the conditions of his confinement.  Doc. 28 at 3.  As petitioner's second bond hearing might render his substantive due process claim moot, petitioner's due process challenge and respondents' motion to dismiss will be held in abeyance pending the outcome of petitioner's bond hearing.  *See Eliazar*, 2025 WL 711190, at *8 (E.D. Cal. Mar. 5, 2025) (holding substantive due process claim in abeyance pending an additional bond hearing).

---

[2] To the extent that respondents argue that petitioner has had conduct incidents while in immigration detention, respondents do not address petitioner's argument that any such incidents are tied to petitioner's declining mental health while detained in the California City detention facility.

### b.  Irreparable Harm

Turning to the second *Winter* factor, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez*, 872 F.3d at 994 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)).  Given the Court's conclusion that petitioner is likely to succeed on the merits of his procedural due process claim—that his detention without an individualized bond hearing violates the Due Process Clause—petitioner faces irreparable harm absent a preliminary injunction.

### c.  Balance of Equities and Public Interest

When the government is the nonmoving party, "the last two *Winter* factors merge." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal citations omitted).  Although the government has a strong interest in enforcing immigration laws, the issue in this case is not whether the government can detain petitioner pending his removal proceedings, but whether the government can detain petitioner without conducting an additional bond hearing, particularly when petitioner has been in custody for approximately 41 months and more than 34 months have elapsed since he received a bond hearing.  Petitioner argues that his continued detention has worsened his mental health condition.  Faced with a choice "between [minimally costly procedures] and preventable human suffering," the Court concludes "that the balance of hardships tips decidedly in [petitioner's] favor." *Hernandez*, 872 F.3d at 996 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

The public interest also weighs in petitioner's favor.  "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (citing *Jorge M.F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3) (N.D. Cal. Mar. 1, 2021)); *see also Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) ("It is always in

the public interest to prevent the violation of a party's constitutional rights.") (quotation marks and citation omitted).

### d. Remedy

The Court finds that the requirements for issuing a preliminary injunction are met as to petitioner's procedural due process claim.  Respondents do not address the appropriate remedy in their opposition, arguing only that petitioner's detention is finite given his pending Ninth Circuit appeal.  *See* Doc. 28 at 2.  Relying on *Doe v. Chestnut*, No. 1:24-cv-00943-EPG-HC, 2025 WL 3240400 (E.D. Cal. Nov. 20, 2025), petitioner requests that this Court hold an evidentiary custody hearing if the Court finds that petitioner's procedural due process rights have been violated. Doc. 22 at 13.  But the *Doe v. Chestnut* court found that the petitioner's substantive due process rights had been violated, and that the appropriate remedy was petitioner's immediate release with appropriate conditions of release to be determined by the Court.  *Doe v. Chestnut*, 2025 WL 3240400, *22.  Here, as addressed above, this order does not reach petitioner's substantive due process claim.

As to petitioner's procedural due process claim, the appropriate remedy is a bond hearing before an immigration judge.  *See Lopez v. Garland*, 631 F. Supp. 3d at 882 (collecting cases); *see also Eliazar*, 2025 WL 711190, at *9.  At the bond hearing, the burden will be on the government to establish, by clear and convincing evidence, that petitioner is a danger or flight risk.  *See Eliazar*, 2025 WL 711190, at *10 (collecting cases).

### V.    Conclusion and Order

Accordingly:

1. Petitioner's motion for a preliminary injunction, Doc. 22, is GRANTED in part as set forth above.

2. Respondents are directed to hold a bond hearing for petitioner before an immigration judge within twenty-one (21) days of the date of service of this Order, at which respondents must justify petitioner's continued detention by clear and convincing evidence, or in the alternative, release petitioner under appropriate conditions of supervision.

11

3. This Order does not address or limit respondents' detention of petitioner under 8 U.S.C. § 1231 if he becomes subject to a final order of removal upon a decision in his pending Ninth Circuit appeal.

4. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one.  *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Garcia v. Bondi*, No. 3:25-cv-05070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (no security required where risk of harm to the government was minimal).

5. This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:  __April 16, 2026__

_____
UNITED STATES DISTRICT JUDGE

12